IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES A. TURNER,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 3:07-CV-1807-M |
| WALMART STORES,<br>    Defendant. | )<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action.

Parties: Plaintiff resides in Dallas, Texas. Defendants is Wal-Mart Stores, Plaintiff's former employer.

The Court did not issue process in this case pending preliminary screening. On November 27, 2007, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on December 11, 2007.

Statement of Case: On February 10, 2007, Wal-Mart terminated Plaintiff's employment. Plaintiff seeks all wages that he would have received since February 10, 2007, if he had not been wrongfully terminated. Alternatively, he requests unemployment benefits to which he would have been entitled if Wal-Mart had not presented fraudulent documents.

Findings and Conclusions: The court granted Plaintiff leave to proceed *in forma*

*pauperis*. The complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

The complaint, supplemented by Plaintiff's answers to the questionnaire, fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff complains of loss of his job and denial of unemployment benefits. He concedes that he is not seeking to sue his former employer for employment discrimination under Title VII. (*See* Answer to Questions 5-7 and at attached handwritten "explanation of lawsuit"). As a matter of fact, he neither filed a complaint with the Equal Employment Opportunity Commission, nor received a right to sue letter. While Plaintiff purportedly relies on due process and fraud (*Id.* at handwritten "explanation of lawsuit), his allegations fail to raise a federal constitutional claim. Plaintiff merely complains that his firing was not according to company policy, and that he was not given any warning or advised of the correct procedure. (*Id.*).

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from his pleadings that he cannot satisfy the amount in controversy requirement. Plaintiff concedes earning $1,500 per month (*see* affidavit filed on November 20, 2007, at 1), which would give him a maximum damages claim of $18,000 for the past year. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of February, 2008.

_____
WM. F. SANDERSON
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.